United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Leonard Alfred McField Smith and Danielle Barrett, Plaintiffs, <br><br> v. <br><br> North Miami Police Department and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 23-22505-Civ-Scola <br> ) <br> ) <br> ) |

### Order Striking Complaint

Plaintiffs Leonard Alfred McField Smith and Danielle Barrett, proceeding pro se and *in forma pauperis*, complain the Defendants—the North Miami Police Department, the City of North Miami, Sergeant Ocean, Officer Kessler Brooks, and Alpine Towing, Inc.—wrongfully took their property (the van in which they were living and all of its contents) and harassed them. (Am. Compl., ECF No. 13.) Among their claims, the Plaintiffs mention violations of their Fourth, Fifth, Eighth, and Fourteenth Amendment rights and accuse the Defendants of neglect of duty, harassment, conspiracy, and soliciting trespass. (*Id.* at 3.) In response, the Defendants have jointly filed a motion to dismiss. (Defs.' Mot., ECF No. 35.) Among other things, the Defendants maintain the Plaintiffs' complaint is a shotgun pleading. The Plaintiffs have responded (Pl.'s Resp., ECF No. 36) but the Defendants have not replied and the time to do so is passed. After review, the Court agrees with the Defendants that the Plaintiffs' complaint amounts to a shotgun pleading and **grants** their motion (**ECF No. 35**) on that basis.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (cleaned up). Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10 also provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). In violating Rules 8(a)(2) and 10(b), such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court

dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could *in good faith* make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (emphasis added).

Although Courts afford pro se litigants, such as the Plaintiffs, "wide latitude when construing their pleadings and papers," this leniency "does not excuse pro se litigants from following the procedural rules." *Arrington v. Wells Fargo*, 842 F. App'x 307, 311 (11th Cir. 2020). Nor does the liberal construction of pro se filings "allow a court to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (cleaned up).

Against this backdrop, the Court turns to the Plaintiffs' pleading which suffers from a number of pleading defects. To begin with, the Plaintiffs fail to separate each cause of action into a separate count. Instead, they cram all their grievances all into one long, barely legible, handwritten paragraph, neglecting to identify which Defendant is implicated for each allegation or cause of action. In sum, it is nearly impossible for either the Defendants or the Court to ascertain which causes of actions are even being brought, the legal theories supporting those causes of action, and which facts, if any, apply to those theories.

Even more problematic, the Plaintiffs' complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. The Plaintiffs' claims amount to mostly legal conclusions: for example, complaining of "unlawful demands"; being deprived of property "without due process"; and being harassed. But a plaintiff must articulate "enough *facts*," not mere passing references to statutes, causes of action, and legal theories, in order "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 545. The Court is unable to discern the underpinnings of the Plaintiffs' legal grievances based on their vague reference to various claims, combined with their somewhat difficult to parse narrative of events.

Finally, the Plaintiffs fail to distinguish which allegations and which claims are directed to which of the five Defendants. *See Weiland*, 792 F.3d at 1323 (noting the impropriety of "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). This jumbling of parties makes it virtually impossible for each of the Defendants to ascertain which claims apply to them specifically.

In order to remedy these deficiencies, the Court orders the Plaintiffs to file a second amended complaint. In doing so, they must (1) address all the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) clearly identify

which Defendant is responsible for a particularly action or omission; (4) avoid lumping together multiple causes of action into a single count; (5) supply actual facts rather than relying on purely conclusory or vague allegations; and (6) identify which factual allegations and acts pertain to which count. The Court cautions the Plaintiffs to plead only facts that are tethered to a viable cause of action against each Defendant. The Court also advises the Plaintiffs to review the substantive deficiencies identified by the Defendants in their motion and to make sure all of those defects are properly addressed in their amended pleading to the extent they can, in good faith, set forth facts that state a viable claim for relief.

At the same time, the Court also grants the Defendants' motion to the extent it seeks the dismissal of the North Miami Police Department as a defendant. A police department's "ability to sue or be sued is determined by the law of the state in which the district court is held." *Turner v. Homestead Police Dep't*, 828 F. App'x 541, 544 (11th Cir. 2020). Since "Florida law provides that police departments lack the capacity to sue and be sued," the Defendants are correct that the Court should dismiss the North Miami Police Department from this case. *Id.*

For the reasons set forth above, the Court **grants** the Defendants' motion to strike the complaint (**ECF No. 35**) to the extent they argue it is a shotgun pleading. The Plaintiffs may file an amended complaint by **February 27, 2024**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards otherwise described above. The Plaintiffs are forewarned that their **failure to comply with this order may result in the dismissal of their case**. The Plaintiffs are also forewarned that, despite their pro se status, they must still comply with their obligations under Federal Rule of Civil Procedure 11 to proceed in good faith in order to avoid the **imposition of sanctions**.

Additionally, the Court **dismisses** the North Miami Police Department as a Defendant in this case and directs the Clerk to **terminate** that party from the docket.

**Done and ordered**, in chambers at Miami, Florida, on February 14, 2024.

_____
Robert N. Scola, Jr.
United States District Judge